UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.  07-50012 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| EUNITA GREEN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an appeal filed by the defendant, Eunita Green. [Rec. Doc. 10]. On February 2, 2007 the Government filed a one count bill of information against Green charging her with shoplifting a Coach purse in violation of 18 U.S.C. §641.  Approximately one month later Green pled guilty to the single count on the Bill of Information.  She was sentenced June 8, 2007 to a term of imprisonment of 6 months.  No restitution or court costs were ordered. Green timely filed a notice of appeal on June 14, 2007.  For the reasons which follow, the Court affirms the judgment of conviction and sentence imposed.

**BACKGROUND[1]**

This case arose following the arrest of Eunita Green at Barksdale Air Force Base's main base exchange. PSR ¶5.  On December 23, 2006 an employee of the U.S. Air Force Exchange Services (AAFES) at Barksdale Air Force Base observed, via electronic surveillance, the defendant, Eunita Green, shopping in the main base exchange. PSR ¶5. She witnessed Ms. Green select a Coach purse, valued at $238.00, and a Dooney and Burke purse, valued at $68.00. PSR ¶5.  Green then exited the store without rendering proper payment for either the Coach purse or the Dooney and Burke purse, and was

---

[1] The Court adopts the background facts as presented by the defendant, since the government does not dispute those facts.

subsequently detained. PSR ¶5.  Green was issued a Notice to Appear letter and a DD Form 1805 for Larceny. PSR ¶6.

The Government ultimately filed a bill of information in federal court charging Green with one count of larceny.  Approximately a month later Green entered a plea of guilty and the court ordered the completion of a presentence investigation (PSR).  The PSR assigned Green a criminal history category of I, based on (1) criminal history point. It showed that Green had been convicted of three previous theft charges and two minor traffic infractions.

Defense counsel points out that Green was raised by her mother and alcoholic father who divorced her mother when the defendant was only three years old.  PSR ¶48. When Green was only 14, her mother and primary caregiver was killed.  PSR ¶47.  This left Green in her grandmother's care who only kept her and her siblings so she could receive the social security checks.  PSR ¶48.  Green advised that she was neglected as a child, without any guidance, and after her grandmother died in March 1996, she was forced to grow up fast.  PSR ¶48.

Green currently is the sole caretaker of six children.  PSR ¶¶ 49-50.  Three of the children are from previous relationships, another child is a granddaughter, and the remaining two are her incarcerated cousin's children. PSR ¶ 50.  Green claims to be enrolled in beauty school and is scheduled to graduate in March of 2008.  Tonya Williams, the owner of M+M Barber shop and salon will be able to offer employment to Ms. Green upon her graduation from beauty school.  Green is also paying $595.00 a month on her Bond for Deed mortgage.  PSR ¶ 62.  She currently takes Celexa for mood swings.  PSR ¶ 53.

## LAW AND ANALYSIS

Appellate courts review criminal sentences for unreasonableness. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005); United States v. Booker/Fanfan, 543 U.S. 220, 261(2005).  "If a sentencing judge exercises her discretion to impose a sentence with a properly calculated Guidelines range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." United States v. Mares, 402 F. 3d 511, 518-19 (5th Cir. 2005).  It will be rare for a reviewing court to say that a sentence imposed within a properly calculated Guidelines range is unreasonable. United States v. Lopez-Urbina, 434 F. 3d 750 (5th Cir. 2005)(citing Mares).: Id.

The sentence of confinement imposed on Green was within the properly computed Guidelines range of zero to six months.  The Court finds that the six-month sentence is reasonable under the factors delineated in 18 U.S.C. § 3553(a), particularly considering Green's criminal history and the apparent failure of supervised probation to deter her from repeating the same criminal behavior.  Accordingly, the Court finds that the sentence imposed on Green is not greater than necessary.  Under the facts of this case and the applicable law, the Court finds that the six month term of imprisonment imposed on Green is reasonable.

## CONCLUSION

For the foregoing reasons, the judgment of conviction and sentence imposed on Eunita Green are hereby **AFFIRMED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 24th day of October, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE